Amy A. Lombardo, ISB No. 8646
Alexandra L. Hodson, ISB No. 10631
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID 83702
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
Email: ALombardo@parsonsbehle.com
AHodson@parsonsehle.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| DENA MORENO, an individual; ROBERT THOMAS, an individual; and NICHOLAS JONES FOR CONGRESS,<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO SECRETARY OF STATE; and LAWERENCE DENNEY, in his official capacity as secretary of state,<br><br>Defendants. | Case No. 1:20-cv-00242-BLW<br><br>AMENDED PETITION/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF<br><br>*Oral argument requested*. |

Plaintiffs, Dena Moreno, Robert Thomas, and Nicholas Jones for Congress, by and through counsel of record, and pursuant to Rule 65 of the Federal Rules of Civil Procedure (FRCP), file this emergency action to obtain a temporary restraining order and immediate injunctive relief, and move this Court for entry of an Order Granting Petition/Motion for Temporary Restraining Order and Emergency Injunctive Relief, ordering Defendants as follows:

1. To take such steps as are necessary to ensure that Idaho voters have access to request and receive absentee ballots until 8:00pm on Tuesday, May 26, 2020; and

1

2. To provide public notice of these extended voting opportunities by notifying all local media of the extension and by posting notices of the extension on the Secretary of State's website and at its Office.

This motion is made on the grounds and reasons set forth in the accompanying Declarations of Matt Braynard, Dena Moreno, and Robert Thomas, and Memorandum in Support of Amended Petition/Motion for Temporary Restraining Order and Emergency Injunctive Relief.

Pursuant to FRCP 65, Plaintiff made efforts to give notice of its request for a temporary restraining order by sending copies of the court filings in this matter to [elections@sos.idaho.gov](elections@sos.idaho.gov) on Tuesday May 19, 2020, and by delivering copies of filings to the Idaho Secretary of State's Office as well as by email to [Jason.Hancock@sos.idaho.gov](Jason.Hancock@sos.idaho.gov).

In support, Plaintiffs allege as follows:

## I. NATURE OF ACTION

All voting for Idaho's 2020 Primary election is by absentee ballot only as a result of health concerns due to COVID-19. Over the last two months, Defendants have encouraged voters to request absentee ballots through the Secretary of State's ("SOS") online portal. However, the online portal has had a difficult time processing all ballot requests due to tremendous demand.

On Tuesday, May 19, 2020—the date of the deadline to request absentee ballots—Plaintiff was flooded with requests for help from voters who were unable to request an absentee ballot through the online portal. Many voters received error messages from the website, which was overloaded with requests.

Unless the deadline to obtain an absentee ballot is extended to 8pm on Tuesday, May 26, 2020, and unless Defendants are required to expend additional resources notifying voters of the additional time to request an absentee ballot, qualified electors will be deprived of a meaningful

opportunity to exercise their right to vote under the First and Fourteenth Amendments to the United States Constitution, and under the Idaho Constitution Art. 1, §§ 1, 2, 19. The extension provides adequate opportunity to those seeking to exercise the right to vote in this Primary election otherwise denied to them by the Defendants' actions.

## II. JURISDICTION AND VENUE

This is an action pursuant to 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United State Constitution, and Idaho Constitution Art. 1 §§ 1, 2, 19. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III. PARTIES

1. Plaintiff Nicholas Jones for Congress is a Principal Political Campaign Committee under 52 U.S.C. § 30102, with its main office in Ada County, Idaho. On Tuesday, May 19, 2020, Plaintiff Nicholas Jones for Congress called approximately one hundred and thirty-four voter households and attempted to walk voters through requesting an absentee ballot via the SOS's website. In almost every case, the website failed to load, generated an error message, did not respond, or warned that a voter's information was incorrect despite repeated verification. Plaintiff was forced to expend time and other resources due to the online absentee ballot request tool malfunctioning and then crashing. Plaintiff's staff and volunteers were inundated with questions from Idaho residents seeking help with requesting a ballot due to the website's failure. If the ballot request deadline is not extended, Plaintiff Nicholas Jones for Congress will be prevented from continuing to help people obtain a ballot for the 2020 Primary election, and its supporters who were unable to obtain a ballot due to the website's failure will be unable to vote.

2. Plaintiff Dena Moreno is a resident of Sandpoint, Idaho. Ms. Moreno is a voter in the First Congressional District of Idaho. On May 19th, Plaintiff Nicholas Jones for Congress asked Ms. Moreno if she needed assistance requesting an absentee ballot, and she said she would appreciate their help. Late that afternoon, the campaign's manager, Matt Braynard, called Ms. Moreno to attempt to walk her through the process of requesting her ballot. Unfortunately, despite repeated attempts, the Secretary of State's absentee ballot request page failed to load or respond to the submission of her request.

3. Plaintiff Robert Thomas is a resident of Boise, Idaho. Between May 17 and May 19, 2020, he made repeated attempts to request an absentee ballot through the Idaho Secretary of State website. Every time he visited the site and attempted to enter his information, the website crashed and was non-responsive. Due to this persistent problem, he was not able to request his absentee ballot by the May 19, 8 PM deadline.

4. Defendant Lawerence Denney ("Defendant Denney") is the Secretary of State for the state of Idaho and is joined in his official capacity as a party to this action. Under Idaho law, I.C. § 34-201, Defendant Denney is the chief election officer of the state and is responsible for obtaining and maintaining "uniformity in the application, operation and interpretation of the election laws," including with respect to the 2020 Primary election.

## IV. STATEMENT OF FACTS

5. The right to vote in an election is guaranteed by, *inter alia*, the First and Fourteenth Amendments to the United States Constitution and 52 U.S.C. § 10101 (formerly cited as 42 U.S.C.

§ 1971), as well as Idaho Constitution Art. 1, §§ 1, 2, 19. Plaintiffs have standing to enforce these rights and all rights asserted herein.

6. On Monday, May 18, 2020, Defendant Denney appeared on the Nate Shelman Show and emphasized that voters may request their absentee ballots through the SOS website until 8 PM the following day, Tuesday, May 19, 2020 (the deadline to request a ballot). He also indicated that no ballot requests would be accepted if not requested online or submitted to the county clerk by 8 PM.

7. On Tuesday, May 19, 2020, the deadline to request an absentee ballot, the SOS website failed, likely due to a tremendous volume of requests. The SOS recognized the problems with the website and posted a notice to electors, stating: "We are currently processing a high amount of online requests. Unfortunately, this amount of traffic is putting some strain on our system. . . . If you receive an error using the online system, please be patient and try again later, or use the paper form option if you have a printer available. . . ."

8. Also on Tuesday, May 19, 2020, Chief Deputy Secretary of State Chad Houck told the Idaho Statesman that the SOS's office knew that the SOS website would not be able to handle an enormous flood of absentee ballot requests, which is why the SOS started a campaign to encourage voters to request absentee ballots 45-days earlier. Nonetheless, Mr. Houck indicated that the SOS did not have plans to extend the deadline to request a ballot.

9. In addition, on Tuesday, May 19, 2020, Plaintiff called approximately one hundred and thirty-four voter households and attempted to walk voters through requesting an absentee ballot via the SOS's website. In almost every case, the website failed to load, generated an error message, did not respond, or warned that a voter's information was incorrect despite repeated verification. As a result, at around 11:25 AM that day, the campaign manager for Mr. Nicholas

5

Jones, Matt Braynard, called the SOS and spoke to the receptionist for the Elections Division, who indicated that the SOS was aware of the problems with the website.

10. Issues with the website continued through the day.

11. Although some counties, such as Ada County, appear to have prepared for the SOS website failure and offered voters the ability to submit absentee ballot requests until 8pm by driving to a location and requesting a ballot in person, such measures may not have been state-wide and do not adequately provide access to a ballot for many voters, especially those with health concerns who were relying on the SOS website to obtain their ballot. Further, just two hours before the ballot request deadline, the Ada County Elections office, through Twitter, encouraged voters to download the request form, print it, sign it, take a picture of it or scan it, and then email it back to them. However, even if voters saw that information, it outlined an onerous process that they were not likely willing or able to complete just before the ballot request deadline.

12. The failure of the website to function properly in the days leading up to the deadline to request an absentee ballot caused voters in Idaho to miss their opportunity to vote in the 2020 Primary election.

13. The above-referenced conduct of Defendants violated the fundamental right to vote inherent in the United States Constitution, 52 U.S.C. § 10101, 42 U.S.C. § 1983, and Idaho Constitution Art. 1 §§ 1, 2, 19. These violations have caused Plaintiffs irreparable harm and will continue to do so absent an injunction.

14. Relief of the type sought herein to address the irreparable harm to citizens voting in primary elections has been issued in other States where similar actions and circumstances threaten or in fact do interfere with the right and ability of voters to cast their ballot.

## V.  CAUSES OF ACTION

### Count 1: 42 U.S.C. § 1983, First and Fourteenth Amendments

15. Plaintiffs incorporate the previous paragraphs of this Petition as if fully set forth herein.

16. The conduct and circumstances alleged herein is depriving Plaintiffs of their rights with respect to voting as guaranteed by the First and Fourteenth Amendments to the United States Constitution and 52 U.S.C. § 10101.

17. Absent emergency injunctive relief, Plaintiffs will suffer irreparable harm. Plaintiffs have no adequate remedy at law.

### Count 2: Idaho Constitution Article 1

18. Plaintiffs incorporate the previous paragraphs of this Petition as if fully set forth herein.

19. The conduct and circumstances alleged herein violate Idaho's Constitution Art. 1, §§ 1, 2, 19 by depriving Idaho qualified electors of a meaningful opportunity to exercise their right to vote in the 2020 Primary election.

20. Absent emergency injunctive relief, Plaintiffs will suffer irreparable harm. Plaintiffs have no adequate remedy at law.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court: 1. Enter an emergency temporary restraining order and issue an immediate injunction: a. Ordering Defendants to take such steps as are necessary to extend the deadline to request an absentee ballot to vote in the 2020 Primary election to Tuesday, May 26, 2020; and b. Ordering Defendants to provide public notice of these extended voting

opportunities by notifying all local media of the extension and by posting notices of the extension on its website and at its office(s); and 2. Granting Plaintiffs such other relief as justice may require.

DATED THIS 20th day of May, 2020.

                              PARSONS BEHLE & LATIMER


                              By: */s/ Amy A. Lombardo*
                                   Amy A. Lombardo
                                   Attorney for Plaintiffs

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 20th day of May, 2020, a true and correct copy of the within and foregoing instrument was served upon:

| | |
|---|---|
| Idaho Secretary of State<br>Elections and Administration<br>700 W. Jefferson Street, Room E205<br>Boise, ID 83702 | ☐ U.S. Mail<br>☐ Facsimile<br>☒ Hand Delivery<br>☐ Overnight Delivery<br>☒ Email Jason.Hancock@sos.idaho.gov |
| Lawerence Denney, Secretary of State<br>Idaho Secretary of State<br>Elections and Administration<br>700 W. Jefferson Street, Room E205<br>Boise, ID 83702 | ☐ U.S. Mail<br>☐ Facsimile<br>☒ Hand Delivery<br>☐ Overnight Delivery<br>☒ Email Jason.Hancock@sos.idaho.gov |

*/s/ Amy A. Lombardo*
Amy A. Lombardo