LAWRENCE G. WASDEN
ATTORNEY GENERAL

BRIAN KANE, ISB #6264
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation
ROBERT A. BERRY, ISB #7742
DAYTON P. REED, ISB #10775
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:     (208) 334-4130
Facsimile:     (208) 854-8073
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| DENA MORENO, an individual, ROBERT THOMAS, and individual and NICHOLAS JONES FOR CONGRESS, <br><br> Plaintiffs, <br><br> v. <br><br> IDAHO SECRETARY OF STATE and LAWERENCE DENNEY, in his official capacity as Secretary of State, <br><br> Defendants. | Case No. 1:20-cv-00242-BLW <br><br> **IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2]** |

## INTRODUCTION

Idaho's primary election is being conducted under the shadow of a pandemic.  Some of the

normal rules governing voting have been suspended to provide for all-absentee voting in an effort

---

[1] No Complaint or "Petition" has been filed in this matter.

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO
PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING
ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 1

to protect Idahoans and the integrity of the democratic process. The Governor's Proclamation ("Proclamation") implementing all-absentee voting was issued on April 1, 2020 and notified all Idahoans of the deadline by which absentee ballots had to be received by their county clerk or requested online, although the Secretary of State subsequently mailed a prepaid document that Idahoans could complete and return, and other alternative options were provided. Plaintiffs had approximately 49 days to meet the deadline set by the Proclamation for submitting their request for an absentee ballot.  They had multiple ways in which to obtain and submit that request.  Despite the time allowed and the different options to do so, Plaintiffs failed to timely submit such a  request. Plaintiffs ask this Court to take the extraordinary step of changing the rules of an election merely because their last minute conduct cost them the right to vote. Plaintiffs do not offer any meaningful evidence suggesting that voters suffered substantial burdens absent court-ordered relief. This Court should deny Plaintiffs' TRO/injunction motion and dismiss a complaint if one had been filed. "[L]ower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Committee v. Democratic Nat'l Committee*, 140 S. Ct. 1205, 1207 (2020).

## ARGUMENT

### I.  Plaintiffs Failed to File a Complaint and Properly or Effectively Serve Defendant.

At the outset, Plaintiff (and now Plaintiffs) have not filed a complaint or properly served a summons. *See* Rule 3, F.R.C.P. "A civil action is commenced by filing a complaint with the court." Further, Plaintiffs failed to personally effect service of process as they claimed to have served Defendants through a general email address: elections@sos.idaho.gov. (*See* Dkt. 1-1, p.5.) For these reasons alone, summary dismissal of this matter is appropriate.

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 2

II.     **This Court Should Deny Plaintiffs' Motion Because Plaintiffs Have Not Carried Their Heavy Evidentiary Burden.**

    A.     **To Obtain a TRO/Preliminary Injunction Against Duly Enacted Laws, Plaintiffs Must Carry A Heavy Evidentiary Burden.**

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted) (emphasis in original). A temporary restraining order may issue if a plaintiff shows: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to them in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Big Sky Scientific LLC v. Idaho State Police*, Case No. 1:19-cv-00040-REB, 2019 WL 438336, * 4 (D. Idaho Feb. 2, 2019) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20-23 (2008)). "The Ninth Circuit has held that the trial court can utilize a 'sliding scale' in weighing the *Winter* factors, such that 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met.'" *Id.* (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)).

Separately, Plaintiffs' claims also require them to make a substantial evidentiary showing on the merits.  Plaintiffs bear a heavy burden to adequately answer a two-step inquiry. *See Burdick v. Takushi*, 504 U.S. 428 (1992*); Anderson v. Celebrezze*, 460 U.S. 780 (1983). The first step requires Plaintiffs to establish a burden on the right to vote, including that burden's severity. *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997). The second step requires Plaintiffs to show that the burden outweighs the State's interest: "when those rights are subjected to 'severe' restrictions, the regulation must be 'narrowly drawn to advance a state interest of

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 3

compelling importance.'" *Caruso v. Yamhill County Ex Rel. County Com'r*, 422 F.3d 848, 859 (9th Cir. 2005) (citing *Burdick*, 504 U.S. at 434.) "But when those rights are subjected only to 'reasonable, nondiscriminatory' restrictions, 'the State's important regulatory interests are generally sufficient.'" *Id.* (quoting *Anderson,* 460 U.S. at 788). Where the claim involves a broad-based challenge to an election law's operation to all impacted voters—not merely relief for a narrow category of *especially* burdened voters—the plaintiff "bear[s] a heavy burden of persuasion" to obtain such broad relief. *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 200 (2008) (controlling plurality of Stevens, J.).

**B.      Plaintiffs Have Not Attempted to Carry Their Evidentiary Burden.**

Plaintiffs have not attempted to put forward competent evidence that satisfies their heavy burden here on any of the necessary elements. Indeed, the *only* evidence that Plaintiffs have supplied in support of their equitable request is three declarations: (1) the Declaration of Matt Braynard; (2) the Declaration of Dena Moreno; and (3) the Declaration of Robert Thomas. As explained in more detail below, Plaintiffs' lack of competent, relevant evidence compels the denial of their requests for extraordinary relief in the context of an election whose deadline had already passed by the time Plaintiffs sought relief from this Court.

**C.      Plaintiffs Have No Likelihood of Success on the Merits Because They Submitted No Competent Evidence to Support Any of Their Constitutional Claims.**

Plaintiffs do not challenge the constitutionality of election laws enacted by the Idaho Legislature for absentee ballots, specifically Idaho Code § 34-1002, although they confusingly cite

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 4

Idaho Code § 34-601 as the deadline to obtain an absentee ballot.[2] (Dkt. 2-1, p. 2.). Instead, Plaintiffs seek to supplant a temporary safeguard granted to Idahoans to make voting accessible and safe during a time of a pandemic crisis when they waited until the very last minute to afford themselves of this temporary exception. The conduct should not be rewarded.

By proclamation dated April 1, 2020, the Governor of the State of Idaho temporarily changed the rules for voting in the May 19, 2020 primary to provide for an all-absentee ballot election. There is no challenge to the timelines to submit an all-absentee ballot; rather, the sole issue appears to be Plaintiffs' issue with the Secretary of State's website. (*See* Dkt. 2-1, pp. 2-5.)

Plaintiffs seek court intervention merely because a website glitch prevented their last-minute attempts at obtaining an absentee ballot via the website.  Their contentions lack legal merit. While the Constitution forbids a state from unreasonably burdening the right to vote, if a person waits until the last minute to exercise his right, they take on the risk that an unexpected obstacle will prevent them from exercising their right to vote.

The three declarations Plaintiffs have submitted in support of their request—the entirety of Plaintiffs' evidentiary support—reveal that, at the earliest, none of the efforts to request an absentee ballot occurred until May 17, two days before the primary and only occurred by accessing the Secretary of State website. None of the declarants describe any effort to avail themselves of any of the other avenues they had to obtain and submit a request for an absentee ballot in a timely fashion. While Plaintiffs fault Defendants' website, the fact remains that Plaintiffs had ample time

---

[2] Prior to the Governor's proclamation, voters had until the eleventh day before the election to request an absentee ballot by mail.  See Idaho Code § 34-1002 (7).  An application for in-person absentee voting at the absent voter's polling place was due the Friday before the election.  *Id.*

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 5

to request absentee ballots online from the Secretary of State and had viable alternatives to request absentee ballots without the use of Defendants' website. These alternatives will be explained in more detail through testimony at the hearing on May 22, 2020, but it is anticipated that Plaintiffs could have printed off a request and mailed it in; responded to the Secretary of State's prepaid mailings; traveled to certain physical locations to obtain a form; or even other options.

The State of Idaho, and Defendants, have been vocal about the fact that this year's primary would be conducted by mail since April 1, 2020. (Houck Decl. ¶ 3.) The Secretary of State twice sent mailings to registered voters informing them of absentee voting and how to vote during the time of pandemic at a cost of approximately $500,000. (Houck Decl. ¶ 5.) And these efforts were rewarded. Voter turnout for the May primary through requested absentee ballots was 1,600% higher than the prior Presidential primary in March of 2020. (*Id.* ¶ 12.)  The need to request an absentee ballot was and should not have been a surprise to anyone.

Importantly, Plaintiffs have provided no evidence or argument that the April 1, 2020 proclamation burdens voters in any manner. The *only* evidence that Plaintiffs have submitted in this respect is that the Secretary of State's website had "problems" on May 19. (Dkt. 2-1, p. 2.) They admit that Ada County "offered voters the ability to submit absentee ballot requests until 8PM by driving to a location". (*Id.*) Accordingly, one of the only two voter declarations fails to support the underlying basis of this matter. And this is not a matter that involves lack of access, proof of residency or identity; it is simply a matter of timing whereby Plaintiffs exercised poor judgment by waiting until the last minute to vote in the primary. (Dkt. 2-2, p. 1.)

The efforts put forth by the State of Idaho and Defendants advanced the State's compelling interest in "preserving the integrity of its election process," *Eu v. San Francisco Count Democratic*

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 6

*Central Committee,* 489 U.S. 214, 231 (1989), and have a "plainly legitimate sweep," *Crawford,* 553 U.S. at 202 (controlling plurality of Stevens, J.) (citation omitted). Accordingly, Plaintiffs cannot show a likelihood of prevailing and the motion for temporary restraining order should be denied.

**D.      Plaintiffs Submitted No Competent Evidence to Support Their Assertion That They Will Suffer Irreparable Harm.**

Plaintiffs have the burden of demonstrating that "irreparable injury is *likely* in the absence of an injunction," not just a mere "possibility." *Winter v. Nat. Res. Def. Council,* 555 U.S. 7, 22 (2008). Further, "[a]bstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be 'both real and immediate', not 'conjectural' or 'hypothetical'." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02 (1983) (quotations omitted).

As to the Plaintiff Nicholas Jones's campaign, it failed to provide any evidence of harm, let alone irreparable harm. It has provided no evidence that those who did not request an absentee ballot would have voted for Nicholas Jones, or that those votes would have assured the election in his favor. As to Plaintiffs Moreno and Thomas, they have failed to present evidence that they were irreparably harmed by difficulties with the website. The website was not the exclusive means by which they could have registered for absentee voting. Each could have registered with their respective county clerks, Idaho Code § 34–1002(7), but chose not to. Further, each could have mailed in a paper registration form. (*See* Dkt. 2-1, p. 3.). Each could have returned the directly mailed Absentee Ballot Application (Houck decl., ex. B). Finally, neither has presented evidence that the website failed to operate before May 19; each could have attempted to use it earlier, at a

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 7

time it was functioning correctly. Defendants recognize that citizens have a constitutional right to vote. Plaintiffs have not shown that difficulties with the website harmed Plaintiffs or violated this right.

   **E.     Plaintiffs Submitted No Competent Evidence To Support Their Claim That The Public Interest Favors Their Requested Relief.**

   The effort by Idaho to conduct a primary by absentee ballot was part of its effort to "orderly administ[er]" its elections, including forwarding the critical functions of protecting election integrity, safeguarding the public's belief that integrity, and setting predictable, date-certain deadlines for election administration. *Crawford*, 553 U.S. at 196. Defendants anticipate the testimony of Ada County Clerk, Phil McGrane, Bonner County Clerk, Michael Rosedale, and Chief Deputy for the Idaho Secretary of State, Chad Houck, will provide further evidence and testimony in how the requested relief by Plaintiffs does not favor the public interest. At minimum, given that the enforcement of duly enacted laws is otherwise presumed to be in the public interest, Plaintiffs' absence of proof means that they cannot obtain injunctive relief. *Abbott v. Perez*, 138 S. Ct. 2305, 2324 & n.17 (2018).

   **F.     The State And The Legislature Will Suffer Irreparable Harm As A Matter of Law From The Relief That Plaintiffs Have Requested.**

   Any time a State is enjoined by a court from effectuating statutes enacted by the representatives of its people it suffers a form of irreparable injury. *Abbott*, 138 S. Ct. at 2324 & n.17. Further, given that the "State indisputably has a compelling interest in preserving the integrity of its election process," *Eu*, 489 U.S. at 231, and in the "orderly administration" of its elections, *Crawford*, 553 U.S. at 196 (controlling plurality of Stevens, J.), the irreparable harm to the State and the public is particularly grave here. Enforcing election deadlines "decreases the confusion

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 8

and distraction . . . and thereby reduces the risk of error and disorder in [the] election process." *Diaz v. Cobb*, 541 F.Supp.2d 1319, 1340 (S.D. Fla. 2008). Here, the election dispute does not really concern statue or rule; rather, it concerns an alleged few days of website difficulties. Regardless, Plaintiffs had other avenues in which they could exercise their rights. Due to their own inaction, Plaintiffs would sow confusion on this election and deeply disrespect Idaho's sovereign judgments. That would inflict grave harm on the State of Idaho, its Legislature, and its citizens.

### III.   This Court Should Dismiss This Case Under *Burford* Abstention.

Under *Burford* abstention, a district court should dismiss or, at minimum, stay a case, *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), where "the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial concern." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989). (citation omitted). The fast-moving, complex nature of the response that all States—including Idaho—are undertaking to balance the present public health crisis with the orderly functioning of the democratic process presents a uniquely appropriate circumstance for *Burford* abstention. Plaintiffs ask this Court to usurp Idaho's decision-making process by requiring Plaintiffs' method for administering this election—the arbitrary extension of a deadline—despite the fact that Plaintiffs had approximately six weeks of notice that the election would be conducted by absentee vote. Further, Plaintiffs already had an adequate remedy in Idaho law based upon Idaho Code § 34-1002(7) discussed above. That would be deeply "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial concern," such as the critical balance between the needs of public health and democracy. *Id.*, 491 U.S. at 361. Involving the courts in the difficult, sensitive balance is particularly inappropriate in light of the

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 9

consequences of courts taking similar actions in "similar cases." *Id.* The approach here should be to permit Idaho to sort these difficult issues out for itself, with any appropriate review occurring in state courts, just as the *Burford* abstention doctrine envisions.

## CONCLUSION

This Court should dismiss this case and/or deny Plaintiffs' motion.

Dated this 22nd day of May, 2020.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By:   */s/  Robert A. Berry*
ROBERT A. BERRY
Deputy Attorney General

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Amy A. Lombardo
Alexandra L. Hodson
PARSONS BEHLE & LATIMER
alombardo@parsonsbehle.com
ahodson@parsonsbehle.com

*/s/ Robert A. Berry*
ROBERT A. BERRY

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' AMENDED PETITION[1]/MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTIVE RELIEF FILED MAY 20, 2020  [DKT. 2] - 10