LAWRENCE G. WASDEN
ATTORNEY GENERAL

BRIAN KANE, ISB #6264
Assistant Chief Deputy Attorney General

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation
ROBERT A. BERRY, ISB #7742
DAYTON P. REED, ISB #10775
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:    (208) 334-4130
Facsimile:     (208) 854-8073
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| DENA MORENO, an individual, ROBERT THOMAS, and individual and NICHOLAS JONES FOR CONGRESS, <br><br> Plaintiffs, <br> v. <br><br> IDAHO SECRETARY OF STATE and LAWERENCE DENNEY, in his official capacity as Secretary of State, <br><br> Defendants. | Case No.  1:20-cv-000242-BLW <br><br> **IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY FEES FILED JUNE 11, 2020** |

## INTRODUCTION

Defendant, Idaho Secretary of State Lawerence Denney, opposes plaintiffs' request for an award of attorneys' fees. This matter was filed on a Tuesday and heard on a Friday of the same week. Despite this short time frame, plaintiffs claim 99.6 hours in attorney fees. The request for fees under 42 U.S.C. § 1988 should be denied because such relief was never requested by plaintiffs.

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEY FEES FILED JUNE 11, 2020 - 1

Further the fees plaintiffs seek are excessive; plaintiffs failed to adequately document much of their request; and the attorney fees sought are simply unreasonable as they represent a quarter of the 99.6 hours plaintiffs' claim in this case. Their fee recovery should be denied, or in the alternative, reduced by 50 percent.

## BACKGROUND

Plaintiffs filed a motion pursuant to Federal Rule of Civil Procure 65 for a temporary restraining order and emergency injunctive relief on Tuesday, May 19, 2020, but did not serve it on that date. (See Dkt. 1.) A memorandum and declaration were filed in support. (*See id.*) The sole relief requested was to order Secretary Denney to "1. To take such steps as are necessary to ensure that Idaho voters have access to request and receive absentee ballots until 8:00 pm on Tuesday, May 26, 2020; and 2. To provide public notice of these extended voting opportunities by notifying all local media of the extension and by posting notices of the extension at all affected poll locations." (*Id.*) Attorney fees were not requested. (*Id.*)

An Amended Petition/Motion for Temporary Restraining Order and Emergency Injunctive Relief was filed on May 20, 2020, along with two more declarations. (Dkt. 2.) Plaintiffs sought the following relief:

> 1. Enter an emergency temporary restraining order and issue an immediate injunction: a. Ordering Defendants to take such steps as are necessary to extend the deadline to request an absentee ballot to vote in the 2020 Primary election to Tuesday, May 26, 2020; and b. Ordering Defendants to provide public notice of these extended voting opportunities by notifying all local media of the extension and by posting notices of the extension on its website and at its office(s); and 2. Granting Plaintiffs such other relief as justice may require.

/ / /

/ / /

/ / /

(*Id.*, p. 7-8) Plaintiffs did not seek attorney fees in the requested relief. (*Id.*) In support of this motion, plaintiffs added two new plaintiffs, Dena Moreno and Robert Thomas, and the motion was yet another memorandum filed in support. (*See generally* Dkt. 2.)

An email was sent to Jason Hancock at 4:50 p.m. on Wednesday May 20, 2020 with the "Amended Petition." Undersigned counsel first spoke with plaintiffs' counsel the morning of May 21, 2020. That same date, the Court issued a notice of hearing to occur the next day on Friday, May 22, 2020 at 4:00 p.m. The parties were instructed to have briefing filed by 9:00 a.m. on May 22, 2020.

Plaintiffs filed more supplemental briefing on May 22, 2020, including another declaration and exhibits A-L. (Dkt. 5.) Defendant also filed his opposition and pointed out that neither Ms. Moreno nor Mr. Thomas returned the directly mailed Absentee Ballot Applications. (Dkt. 6)

At noon on May 22, 2020, plaintiffs submitted three additional declarations: the declaration of Sunrise Ayers; Tim Kline; and Ritchie Eppink. (Dkt. 7.) At approximately 2:37 p.m., less than an hour and a half before the 4:00 p.m. hearing, plaintiffs again submitted additional declarations from Robin Davis, Robert Thomas Leahy, along with an amended declaration of Tim Kline. (Dkt. 8.) Plaintiffs admitted they had not provided the correct legal name of one of the plaintiffs, Robert Thomas.

Tim Kline was the only witness for the plaintiffs at hearing. Plaintiffs made no reference to any of the other declarations submitted to the Court in this matter. The Court did grant the relief requested, which was to extend the deadline to request an absentee ballot to vote from May 19, 2020 to May 26, 2020.

Despite initiating this case on Tuesday, May 19, 2020, without service; filing an amended pleading sent by email to a Secretary of State representative late on Wednesday, May 20th; first discussing this matter with undersigned counsel on Thursday, May 21st; and only to conduct a hearing a day later on Friday, May 22nd, plaintiffs now request approximately $30,000 in attorney fees.

## ARGUMENT

### A.   Fee Award Standards

Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id.* § 1988(b). "In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)). The fee applicant bears the burden of establishing that the hours it claims are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Fee-reviewing trial courts, moreover, "need not, and indeed should not, become green-eyeshade accountants" and thus "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).

"A district court should calculate [the] reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995) (internal quotes and citations omitted). "[T]he burden is on the fee applicant to produce satisfactory evidence in addition to the attorney's own affidavits that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In setting its award of reasonable attorneys' fees, the court should keep in mind that the purpose of section 1988 is "not to provide 'a form of economic relief to improve the financial lot of attorneys.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552. Fee awards should "'not produce windfalls to attorneys.'" *Id*. at 552 (quoting *Blum*, 465 U.S. at 897).

**B.     Plaintiffs' failed to request attorney fees.**

Two things stand out in this request for attorney fees: notice and timing. As stated above, this matter was initiated through the filing of a motion under F.R.C.P. 65 late on Tuesday May 19, 2020. Attorney fees were not requested. (See Dkt. 1.) The next day an "Amended Petition" was filed when no petition (or complaint[1]) had ever been filed, just the motion pursuant to F.R.C.P. 65. But this gets to the point. Notice is paramount in pleadings. In neither the original Rule 65 motion nor Amended Petition did plaintiffs' ever claim to seek attorney fees. (See Dkt. 1; Dkt. 2, pp. 7-8.) "Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)." *Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843 (3rd Cir. 1973); *Nat'l Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916 (8th Cir. 1997). Given the failure to plead attorney fees and the fact that this went to hearing within four days, plaintiffs' request for attorney fees should be denied.

/ / /

/ / /

/ / /

---

[1] The lack of a complaint pursuant to Rule 3 was raised at the hearing on May 22, 2020, but the Court found sufficient compliance with the Rule.

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEY FEES FILED JUNE 11, 2020 - 5

## C.     Plaintiffs' Fee Request is Excessive

A court may reduce fees if it finds them to be duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Attorney fees, in other words, should bear a reasonable relationship to the litigation's overall legal and factual complexity. The fees here are excessive given the incredibly short timeframe in which this matter occurred. The hearing took approximately two hours but plaintiffs are now requesting reimbursement for 99.6 hours. (Ex. A, p. 3.) Their overall request for fees is excessive and should be reduced by 50 percent, at a minimum, and as more particularly described in this section and in other sections of this opposition.

The matter was filed on a Tuesday and heard by the Court on a Friday of the same week. No complaint was ever filed pursuant to Rule 3, despite plaintiffs now claiming 2.30 hours by Ms. Hodson for doing so. (Ex. A, p. 1.) No discovery occurred or was exchanged.

Despite this short timeframe, plaintiffs filed three memorandums and ten declarations with one of them clarifying that a named plaintiff, Robert Thomas, was not Robert Thomas but in fact, Robert Thomas Leahy. There was no need for the three memorandums to be filed in such a short time, yet plaintiffs spent 26.2 hours on such memorandums and this does not include the declarations filed after the Court's 9:00 a.m. deadline for March 22, 2020. (*See* Ex A: 5/19, Hodson, 2.0 hours, p. 1; 5/19, Hodson, 2.0 hours, p. 1; 5/19, Hodson, 1.4 hours, p. 1; 5/20, Lombardo, 2.6 hours, p. 1; 5/20, Hodson, 5.10 hours, p. 1; 5/20, Hodson, 2.7 hours, p. 1; 5/21, Lombardo, 2.3 hours, p. 2; 5/21, Hodson, 1.7 hours, p. 2; 5/21, Hodson, 6.4 hours, p. 2.)

The time spent on the declarations filed after the Court's 9:00 a.m. instruction for submission of briefing should not be rewarded, especially where most of the declarations and

statements therein were not mentioned at hearing. As noted above, plaintiffs submitted several declarations after 9:00 a.m. At noon on May 22, 2020, plaintiffs submitted three additional declarations: the declaration of Sunrise Ayers, Tim Kline and Ritchie Eppink. (Dkt. 7.) At approximately 2:37 p.m., less than an hour and a half before the 4:00 p.m. hearing, plaintiffs again submitted additional declarations from Robin Davis, Robert Thomas Leahy and an amended declaration of Tim Kline. (Dkt. 8.) Aside from identifying Ritchie Eppink and Tim Kline, plaintiffs fail to identify these additional witnesses (which also goes to the failure to adequately document) in their billing, but the closest that can be approximated is 7.6 hours. (Ex. A: 5/21, Lombardo, .2 hours, 1.0 hours, p. 2; 5/22, Lombardo, 2.4 hours, .5 hours, p. 2; 5/22, Hodson, .3 hours, 3.2 hours.)

**D.     Plaintiffs Have Failed to Adequately Document Their Request.**

If the fee applicant's documentation of hours is inadequate, the district court should reduce the award accordingly. *Hensley*, 461 U.S. at 433. One form of inadequate documentation attorneys sometimes submit with fee applications is block-billed time records. Block billing is the practice of lumping together multiple tasks under one time entry, rather than itemizing each task.

In *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), the Ninth Circuit held that a district court properly reduced all block-billed time entries by 20 percent. The court explained that the applicant "failed to carry her burden" of proving the reasonable hours her attorneys spent on the case, "because block billing makes it more difficult to determine how much time was spent on particular activities." *Id.* at 948 (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004), and *Hensley*, 461 U.S. at 437). The practice of lumping multiple tasks together makes it "'impossible to evaluate their reasonableness.'" *Id.*

Ms. Lombardo has submitted that she billed 16.3 hours on May 21, 2020. (*See* Ex. A, pp. 1-2) Of those 16.3 hours, 4.30 hours are block billed. (*Id.* p. 1.) Most of every entry in the block bill is some form of communication, except for the last entry. Given that the 4.30 hours are block billed, this amount should be disallowed.

The other areas that should be disallowed are the many entries that are redacted, because those entries are not properly documented, yet are still claimed as recoverable by plaintiffs. These redacted entries total 7 hours: (Ex. A: 5/19, Lombardo, 1.0 hours, p. 1; 5/20, Lombardo, .9 hours, p. 1; 5/21, Lombardo, 2.4 hours, p. 2; 5/23, Hodson, 2.2 hours, p. 2; 5/28, Lombardo, .50 hours, p. 2.)

**E.     Plaintiffs' Time Spent on Attorney Fees is Unreasonable.**

As noted above, in setting its award of reasonable attorneys' fees, the court should keep in mind that the purpose of section 1988 is "not to provide 'a form of economic relief to improve the financial lot of attorneys.'" *Perdue*, 559 U.S. at 552. Fee awards should "'not produce windfalls to attorneys.'" *Id*. at 552. Plaintiffs claim 99.6 hours in attorney fees. (Ex. A, p. 3.) But 24.3 hours were spent in relation to this attorney fee motion, which is unreasonable. (Ex. A: 5/24, Lombardo, 2.0 hours, p. 2; 5/28, Lombardo, .5 hours, p. 2; 5/29, Lombardo, .5 hours, p. 2; 5/29, Hodson, 2.1 hours, p. 2; 6/1, Lombardo, .4 hours, p. 3; 6/2, Lombardo, 1.0 hours, p. 3; 6/3, Hodson, 4.6 hours, p. 3; 6/7, Lombardo, 1.3 hours, p. 3; 6/8, Lombardo, .7 hours; 6/8, Lombardo, 2.7 hours[2], p. 3; 6/8, Hodson, 8.5 hours, p. 3.) That is approximately a quarter of the time claimed in this case and the time spent from May 24 through June 8 far exceeds the four days from filing to hearing in the

---

[2] Her time only adds up to 2.5 not 2.7 for this entry on 6/8. (Ex. A, p. 3.)

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEY FEES FILED JUNE 11, 2020 - 8

actual litigation. Again, given the extreme timing in which everything occurred, claiming 99.6 hours is excessive, but claiming 24.3 hours in relation to attorney fees is even more so.

## CONCLUSION

For the foregoing reasons, this Court should reject or substantially reduce the attorneys' fee award plaintiffs' request.

Dated this 2nd day of July, 2020.

                                  STATE OF IDAHO
                                  OFFICE OF THE ATTORNEY GENERAL

                        By:   */s/ Robert A. Berry*
                               ROBERT A. BERRY
                               Deputy Attorney General

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 2nd day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Amy A. Lombardo
Alexandra L. Hodson
PARSONS BEHLE & LATIMER
alombardo@parsonsbehle.com
ahodson@parsonsbehle.com


                 /s/
                ROBERT A. BERRY

IDAHO SECRETARY OF STATE LAWERENCE DENNEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEY FEES FILED JUNE 11, 2020 - 10