UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DENA MORENO, an individual; ROBERT THOMAS, an individual; and NICHOLAS JONES FOR CONGRESS,

Plaintiff,

v.

IDAHO SECRETARY OF STATE; and LAWERENCE DENNEY, in his official capacity as secretary of state,

Defendants.

Case No. 1:20-cv-00242-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. Dkt. 11. Plaintiffs seek $28,386.00 in attorneys' fees and $400 in costs. The motion is fully briefed and at issue. For the reasons that follow the Court will grant the motion.

## BACKGROUND

On May 19, 2020 Plaintiffs filed a motion for a temporary restraining order and emergency injunctive relief (Dkt. 1) seeking to extend the deadline for Idaho

voters to request their absentee ballots due to technical problems with Idaho's ballot request website. The deadline to request ballots was May 19, 2020. On May 20, 2020, Plaintiffs filed an amended petition/motion for TRO and emergency injunctive relief. Plaintiffs requested that the absentee ballot request deadline be extended to May 26, 2020. Due to the COVID-19 Pandemic Idaho planned to conduct the 2020 primary election entirely by mail-in ballot. Plaintiffs brought their action under 42 U.S.C. § 1983, alleging the failure of the State's website to allow Idaho voters to timely request absentee ballots violated their First and Fourteenth Amendment rights.

On May 22, 2020, the Court held an emergency hearing on the motion and granted Plaintiffs' requested relief. Dkt. 9, 10. The Court ordered the Idaho Secretary of State to extend the deadline to request an absentee ballot until 8:00 p.m. on May 26, 2020. Dkt. 9. The Court further ordered that Defendants take necessary measures to notify voters of the extension. *Id*. The State complied with the order and allowed registered voters to request absentee ballots until May 26, 2020. An additional 14,000 voters requested absentee ballots between May 22 and May 26. *Pl.'s Ex. B.*, Dkt. 11-4.

## LEGAL STANDARD

Prevailing parties in federal civil rights claims may be awarded reasonable

attorneys' fees under 42 U.S.C. § 1988(b). A party prevails if it succeeds "on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In a "prevailing party" analysis, the touchstone is whether there was a "material alteration of the legal relationship of the parties." T*exas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792–93 (1989). The legal relationship between the parties is altered when a party obtains an enforceable judgment or achieves "comparable relief through a consent decree or settlement." *Farrar v. Hobby,* 506 U.S. 103, 111 (1992).

After establishing that a plaintiff is entitled to attorneys' fees, the Court must calculate a reasonable fee award. *Hensley*, 461 U.S. at 434. Generally, the "lodestar figure," which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate, determines the amount of the award. *Id*. "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).

However, the Court may adjust the lodestar figure based upon the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert.*

*denied*, 425. U.S. 951 (1976), that have not been subsumed in the lodestar calculation. *Morales*, 96 F.3d at 363-64. Additionally, in civil rights litigation, "the degree of the plaintiff's overall success goes to the reasonableness' of a fee award." *Farrar v. Hobby*, 506 U.S. 103 (1992) (citing *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 793 (1989).

## ANALYSIS

As an initial matter, Defendants argue that Plaintiffs failed to seek attorneys' fees in their initial motion or amended petition/motion and thus are not entitled to fees. Dkt. 12 at 5. The Ninth Circuit has rejected this argument. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009). Rule 54(d)(2) provides that claims for attorney fees must be made by motion, and then sets out exceptions to that general rule. Subparagraph A of Rule 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed.R.Civ.P. 54(d)(2)(A). Section 1988 allows the prevailing party to recover "a reasonable attorney's fee as part of the costs." Section 1988 does not require attorney fees to be proven at trial, thus Plaintiffs need not specifically plead attorney fees. *Riordan*, 589 F.3d at 1005-6.

Defendants do not dispute that Plaintiffs were the prevailing party. The

Court granted Plaintiffs' motion and required the State to extend the absentee ballot request deadline to May 26, 2020, as requested by Plaintiffs. Thus, Plaintiffs are the prevailing party.

Defendants also do not dispute that the rate charged by Plaintiffs' counsel was reasonable. Amy Lombardo was Plaintiffs' lead counsel. She is a shareholder with Parsons Behle & Latimer. Her hourly rate was $ 315 per hour. Alexandra Hodson, Ms. Lombardo's co-counsel, is an associate with Parson Behle & Latimer. Her hourly rate was $ 225 per hour. These rates are both reasonable for the attorneys' experience level and the market.

Defendants argue that Plaintiffs' fee request is excessive, not adequately documented, and unreasonable. The Court has carefully reviewed the attorneys' time-sheet (*Pl.'s Ex. A.*, Dkt. 11-3) and finds that Defendants' objections are largely without merit. The Court will, however, reduce the number of hours by 8.5. The last entry on the timesheet, on June 8, 2020, is by Ms. Hodson for 8.5 hours related to drafting the motion and memorandum for the current fee request. Ms. Hodson had previously spent 6.7 hours drafting the same motion and memorandum and Ms. Lombardo spent 4.7 hours reviewing and editing the same. Thus the 8.5 hours is duplicative and excessive.

Accordingly, the Court will grant Plaintiffs' motion but reduce it by

$1,912.50, which is 8.5 hours of Ms. Hodson's time at her hourly rate of $ 225 per hour. The Court will also award Plaintiffs $400 in costs.

## ORDER

**IT IS ORDERED that** Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. 11) is GRANTED to the extent Plaintiffs are awarded $26,873.50 in fees, expenses, and costs.

DATED: September 16, 2020

B. Lynn Winmill
U.S. District Court Judge